IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY NORDSTROM,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF WAHOO, a Political Subdivision of the State of Nebraska, GERALD D. JOHNSON, CARL WARFORD, RYAN IDEUS, SHANE SWEET, CHRIS RAPPL, STUART KREJCI AND PATRICK NAGLE, in their capacities as City Council members of the City of Wahoo,<br><br>      Defendants. | Case No. 8:23-cv-311<br><br>NOTICE OF REMOVAL |

COME NOW the Defendants City of Wahoo, Gerald D. Johnson, Carl Warford, Ryan Ideus, Shane Sweet, Chris Rappl, Stuart Krejci, and Patrick Nagle (collectively, the "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, submit this Notice of Removal of Civil Action ("Notice"), thereby removing this case to the United States District Court for the District of Nebraska. In support of this Notice, the Defendants state as follows:

**TIMELINESS OF REMOVAL**

1. The Defendants have been named as defendants in a civil action filed on June 16, 2023 in the District Court of Saunders County, Nebraska, entitled *Timothy Nordstrom vs. City of Wahoo, Gerald D. Johnson, Carl Warford, Ryan Ideus, Shane Sweet, Chris Rappl, Stuart Krejci and Patrick Nagle*, Case No. CI 23-94. A true and correct copy of the Summons and Complaint in this action is attached to this Notice as *Exhibit 1*. *[See Doc. No. 1, Ex. 1]*.

2. On June 23, 2023, Plaintiff served the Summons and Complaint via certified mail on Defendant City of Wahoo.

3. This Notice, filed within thirty days of receipt via certified mail of the Summons and Complaint by the aforementioned Defendant, is timely under 28 U.S.C. § 1446(b).

## BASIS FOR THIS COURT'S JURISDICTION

4. This Court has original jurisdiction over the action under the provisions of 28 U.S.C. § 1331 in that Plaintiff's action arises under federal law and alleges a federal law claim. *[See Doc. No. 1, Ex. 1]*.

5. Specifically, the Complaint invokes this Court's jurisdiction pursuant to and alleges claims under 42 U.S.C. § 1983 and the United States Constitution. *[See Doc. No. 1, Ex. 1, ¶¶ 2-4, 22-25]*.

6. For these reasons, this Court has original jurisdiction over this action under 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a).

7. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over all other claims asserted by Plaintiff's Complaint.

8. Written notice of the filing of this Notice will be given to Plaintiff, by and through his counsel of record, promptly after the filing of this Notice, as required by law.

9. A true and correct copy of this Notice will be filed with the Clerk of the District Court of Saunders County, Nebraska, as required by law.

10. By filing this Notice, the Defendants consent to removal of this action to the United States District Court for the District of Nebraska.

11. By filing this Notice, the Defendants do not waive any defenses and/or affirmative claims, counterclaims, or third-party claims that may be available to the Defendants.

WHEREFORE, the Defendants City of Wahoo, Gerald D. Johnson, Carl Warford, Ryan Ideus, Shane Sweet, Chris Rappl, Stuart Krejci, and Patrick Nagle hereby remove

the above-captioned case from the District Court of Saunders County, Nebraska, to the United States District Court for the District of Nebraska.

Dated this 19th day of July, 2023.

CITY OF WAHOO, GERALD D. JOHNSON, CARL WARFORD, RYAN IDEAUS, SHANE SWEET, CHRIS RAPPL, STUART KREJCI, and PATRICK NAGLE, Defendants

By: /s/ Tara A. Stingley
Tara A. Stingley (#23243)
Sydney M. Huss (#26581)
CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144
T: (402) 397-1700
F: (402) 397-1806
tstingley@clinewilliams.com
shuss@clinewilliams.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Tara A. Stingley, hereby certify that I electronically filed the foregoing document on July 19, 2023, with the Clerk of the United States District Court for the District of Nebraska using the CM/ECF system, which sent an electronic copy to all registered case participants, including the following:

William R. Barger
russbarger@protonmail.com

/s/ Tara A. Stingley
Tara A. Stingley (#23243)

| Image ID: | | |
|---|---|---|
| D00019646D06 | **SUMMONS** | Doc. No.   19646 |

EXHIBIT 1

IN THE DISTRICT COURT OF Saunders COUNTY, NEBRASKA
Judicial Center
387 N. Chestnut, Suite 6
Wahoo                    NE 68066 1863

Timothy L Nordstrom v. City of Wahoo

Case ID: CI 23        94

TO:   City of Wahoo

**FILED BY**
Clerk of the Saunders District Court
06/16/2023

You have been sued by the following plaintiff(s):

   Timothy L Nordstrom

Plaintiff's Attorney:     William R Barger
Address:                  807 N. Broadway
                          Wahoo, NE 68066

Telephone:                (402) 507-5014

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date:   JUNE 16, 2023        BY THE COURT:   *Patty McEvoy*
                                              Clerk

[Seal: District Court, Saunders County, Nebraska]

Page 1 of 2

| Image ID: D00019646D06 | **SUMMONS** | Doc. No. 19646 |
|---|---|---|

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    City of Wahoo
    A Political Subdivision
    605 North Broadway
    wahoo, NE 68066

Method of service: Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

| | | |
|---|---|---|
| | **SERVICE RETURN** | Doc. No.   19646 |

SAUNDERS DISTRICT COURT
Judicial Center
387 N. Chestnut, Suite 6
Wahoo            NE 68066 1863

To:
Case ID: CI 23      94  Timothy L Nordstrom v. City of Wahoo

Received this Summons on _____,_____. I hereby certify that on

_____, _____ at _____ o'clock \_\_M. I served copies of the Summons

upon the party:
_____

by _____

_____
_____

as required by Nebraska state law.

Service and return        $ _____

Copy                              _____

Mileage \_\_\_\_miles         _____

   TOTAL                 $ _____

Date: _____  BY: _____
                                                              (Sheriff or authorized person)

## CERTIFIED MAIL
## PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____
_____
_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____    Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: City of Wahoo                             From: William R Barger
    A Political Subdivision                         807 N. Broadway
    605 North Broadway                              Wahoo, NE 68066
    wahoo, NE 68066

**ATTACH RETURN RECEIPT & RETURN TO COURT**

Filed in Saunders District Court
*** EFILED ***
Case Number: D06CI230000094
Transaction ID: 0020076913
Filing Date: 06/16/2023 03:00:03 PM CDT

IN THE DISTRICT COURT OF SAUNDERS COUNTY, NEBRASKA

| | | |
|---|---|---|
| TIMOTHY L. NORDSTROM, <br>     Plaintiff, <br><br> vs. <br><br><br> CITY OF WAHOO, a Political Subdivision of the State of Nebraska, GERALD D. JOHNSON, CARL WARFORD, RYAN IDEUS, SHANE SWEET, CHRIS RAPPL, STUART KREJCI AND PATRICK NAGLE, in their capacities as City Council members of the City of Wahoo, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. CI 23- <br><br><br><br> COMPLAINT |

COMES NOW Plaintiff, and for his cause of action against Defendants, states and alleges as follows:

1. Plaintiff is an individual who was born on November 18, 1959, resides in and was employed in Saunders County, Nebraska. Plaintiff was employed by the Defendants from April, 1980 until November 19, 2021.

2. Defendant City of Wahoo is a Nebraska political subdivision (hereinafter "Wahoo"). Wahoo is a "person" under the meaning of 42 USC § 1983. This case involves a policy statement, ordinance, regulation or decision officially adopted and promulgated by Wahoo's City Council.

3. Defendants Gerald D. Johnson, Carl Warford, Ryan Ideus, Shane Sweet, Chris Rappl, Stuart Krejci and Patrick Nagle are the members of the Wahoo City Council. These persons comprise the governing body of the City of Wahoo (hereinafter "the City Council"). These persons

are sued in their official capacity. These elected representatives are "persons" under the meaning of 42 USC § 1983.

4. This court has jurisdiction over the parties as a court of general jurisdiction. This court has concurrent subject matter jurisdiction with the federal courts to hear claims brought under 42 USC § 1983. The Plaintiff seeks injunctive and declaratory relief, as provided by Nebraska statute, and for Defendants' deprivation of the Plaintiff's rights, privileges and immunities secured by the United States and Nebraska constitutions.

5. The Plaintiff has exhausted all administrative remedies by filing a claim with the Defendants. The Plaintiff filed a claim with the Defendants on November 15, 2022. The Defendants denied that claim on November 23, 2022, as described in Exhibit "1", attached and incorporated herein by reference.

6. The Plaintiff resigned his employment with the Defendant on November 5, 2021. The Plaintiff's last day of work was November 19, 2021, after which he would be retired.

7. Prior to Plaintiff's retirement, the Defendants approved a fringe benefit for the Plaintiff and Wahoo's other employees. This fringe benefit was listed in the City of Wahoo Employee Policies and Procedures Manual (hereinafter "Employment Manual"). The Employment Manual included the following provision:

"9. If an employee retires at age 62 and has completed 20 years of service, the employee may forfeit 480 hours of accumulated personal leave and opt to have "employee only" health insurance paid to age 65."

8. The Plaintiff received the Employment Manual. The Plaintiff's most recent acknowledgment of receipt of the Employment Manual listed the following, above the February, 2021 signatures of the Plaintiff and his supervisor:

"I understand that the City of Wahoo can at the sole discretion of the City Council, modify, eliminate, revise or deviate from the guidelines and information in this handbook as circumstances or situations warrant."

9. The Plaintiff reached 62 years of age on November 18, 2021. The Plaintiff previously inquired with Wahoo's human resources staff how to continue his health insurance coverage, after his retirement date. The Plaintiff's decision to retire at age 62 was primarily based upon his ability to enjoy the benefit of continued health insurance coverage until he could be covered by the federal Medicare program at age 65. The Plaintiff had earned and had available at least 960 hours of personal leave as of the date of his retirement. Plaintiff considered health insurance a legal necessity.

10. The Defendants' agents were aware of the Plaintiff's notice of retirement by November 5, 2021. The Defendants refused to provide the mentioned fringe benefit of continued healthcare insurance coverage to the Plaintiff, in a November 15, 2021 letter to the Plaintiff (hereinafter "retirement health insurance"). The Defendants' City Administrator cited a conflict between Wahoo's health insurance carrier and the mentioned provision of the Employment Handbook. The Defendants stated any conflicts between the Employment Handbook and a city contract are resolved in favor of the contract.

11. Wahoo employs a significant number of employees. The employees rely upon the assertions contained in the Employment Handbook for their terms of employment, absent express written contracts with each employee. The Employment Handbook has contained the retirement health insurance benefit for years, if not decades.

12. The retirement health insurance term in the Employment Handbook is an inducement to Wahoo's employees to continue working. Wahoo knew that employees like the

Plaintiff would rely upon this fringe benefit when determining whether to continue working for Wahoo, or to seek other employment. Deferred compensation is very similar to this fringe benefit of continued payment of health insurance costs after retirement.

13. Plaintiff received an offer of employment from Robert Meduna in 2014. The offer of employment was for full-time work at $35 per hour. The Plaintiff rejected this offer, in part, based upon the promise from Wahoo that he would have the retirement health insurance benefit available at age 62, if he retired. The Plaintiff reasonably relied upon the promise in continuing to provide valuable services to the city.

14. Upon information and belief, Wahoo has managerial staff who have specialized knowledge and training regarding city administration and human resources functions. Wahoo's city administrator and city human resources manager would be considered "professionals" by their peers in their respective fields.

15. Wahoo's managerial staff have a duty to inform the City Council of changes in its health insurance coverage. Wahoo's managerial staff have a duty to timely inform the City Council that it should make changes to the Employment Handbook to reflect changes in its health insurance coverage. The City Council has a duty to make timely changes to the Employment Handbook to reflect changes in its health insurance coverage. Both the City Council and their managerial staff have a duty to timely inform Wahoo's employees of material changes in the Employment Handbook, especially as to a high-cost benefit like health insurance.

16. The City Council voted to eliminate the retirement health insurance benefit listed in the Employment Handbook in 2022, after Plaintiff had retired.

FIRST CAUSE OF ACTION – DENIAL OF FRINGE BENEFIT PAYMENTS

17. Plaintiff incorporates his previous allegations contained herein by reference.

18. Plaintiff was entitled to payment of the health benefit plan Wahoo offered as a fringe benefit. Plaintiff relied upon Wahoo's promise to pay the retirement health insurance benefit, by continuing his employment through age 62.

19. Wahoo's managerial staff statements to the Plaintiff that it no longer offered the retirement health insurance benefit were inaccurate in November, 2021. The City Council was the responsible party for making changes in the Employment Handbook. Until the City Council voted and passed a resolution modifying, eliminating, revising or deviating from the listed fringe benefits in the Employment Handbook, the retirement health insurance benefit was an enforceable agreement between the parties.

20. Wahoo has breached its statutory duty to pay fringe benefits, which are considered wages under the Nebraska Wage Payment and Collection Act. Plaintiff's health insurance costs are approximately $1678 per month. Plaintiff has incurred costs of $25,096 for said health insurance, and will continue to accrue said monthly costs.

21. Plaintiff and his attorneys are entitled to attorneys fees, as Wahoo has failed and refused to provide payment for Plaintiff's accrued health insurance costs within 30 days of his employment ending.

## SECOND CAUSE OF ACTION – BREACH OF CONTRACT

22. Plaintiff incorporates his previous allegations contained herein by reference.

23. Plaintiff has a valid and enforceable contract with Wahoo, expressly and implicitly, that in exchange for providing services, the Plaintiff, upon retirement, would be able to receive the retirement health insurance.

24. Wahoo's refusal to provide the retirement health insurance breaches this contract. Wahoo's refusal to provide the retirement health insurance is not a legitimate use of its police

power. Wahoo's refusal to provide the retirement health insurance violates the Plaintiff's right to contract under the United States Constitution, and Nebraska Constitution.

25. Wahoo has breached its contract with Plaintiff. Plaintiff has incurred costs of $25,096 for said health insurance, and will continue to accrue monthly costs, along with attorneys fees.

THIRD CAUSE OF ACTION – ESTOPPEL AND DETRIMENTAL RELIANCE

26. Plaintiff incorporates his previous allegations contained herein by reference.

27. Plaintiff reasonably and foreseeably relied upon Wahoo's promise it would provide the retirement health insurance, if Plaintiff met the conditions to qualify for this benefit. The Plaintiff met the qualification conditions at the time of his retirement notice in November, 2021.

28. Wahoo's actions show the Court has a duty to prevent injustice to Plaintiff and other employees who rely upon the Employment Handbooks provisions. Wahoo's actions show the need to enforce promises it makes, even if the Court finds there is no contractual privity between the parties.

29. Wahoo's actions show the need to provide the Plaintiff relief, and to alert political subdivisions and other governmental units, that arbitrarily refusing to follow their own handbook may result in legal consequences. These actions include:

    a) Wahoo's knowledge that their health insurance contract and their Employment Handbook had conflicting provisions for months, if not for years;

    b) Wahoo's knowledge that it signed a 2021 acknowledgment with its employees stating only the City Council could modify, eliminate, revise or deviate from its Employment Handbook promises;

        c)        Wahoo's knowledge and expectation that its employees would rely upon its promise to provide this benefit as an inducement to work for Wahoo; and,

        d)        The City Council's failure to timely adopt changes to its Employment Handbook. The City Council eliminated the retirement health insurance months after refusing to grant Plaintiff's requested benefits.

30.    Wahoo should be estopped from breaching this promise of retirement health benefits to Plaintiff, regardless of whether the parties had a contract. The Plaintiff relied upon these promises to his deriment. Plaintiff has incurred costs of $25,096 for said health insurance, and will continue to accrue monthly costs.

### FOURTH CAUSE OF ACTION – MISREPRESENTATION

31.    Plaintiff incorporates his previous allegations contained herein by reference.

32.    Wahoo's management staff are professionals in city administration and human resources. These staff have a duty to accurately and timely inform Plaintiff and Wahoo's other employees of material changes to its Employment Handbook. These staff have a further duty to accurately and timely inform the City Council of material changes that need to be made to its Employment Handbook.

33.    Wahoo's management staff knew or should have known they lack the authority to modify, eliminate, revise or deviate from the provisions in the Employment Handbook. Wahoo's management staff knew or should have known that the City Council had not revoked the retirement health insurance in the Employment Handbook, despite the insurance carrier not providing said coverage. Wahoo's management staff knew or should have known that Wahoo's employees relied upon the availability of the retirement health insurance in the Employment Handbook.

Regardless of the Employment Handbook provisions, these staff expected to deny coverage based upon Wahoo's health insurance contract, if an employee asked for coverage, post-retirement.

34. Wahoo's representations as to the availability of the retirement insurance benefit were false when the Wahoo's staff made those representations via the Employment Handbook. The Plaintiff and other employees justifiably relied upon these represented benefits for months, or possibly, years. The Plaintiff's pecuniary interests were damaged by the failure of Wahoo's management staff to exercise reasonable care or competence in what they represented. Defendants are vicariously liable for the misrepresentations of their management staff.

35. Defendants should be found to have misrepresented the availability of the retirement health benefits to Plaintiff and others for a significant time, and this misrepresentation breaches its duty of due care and competence. Defendants misrepresentations directly and proximately caused the pecuniary loss to the Plaintiff. Plaintiff has incurred costs of $25,096 for said health insurance, and will continue to accrue monthly costs.

WHEREFORE, Plaintiff prays that this Court grant it relief as follows:

A. Finding Defendants have breached their statutory duty to pay fringe benefits, namely the retirement health insurance benefit. Plaintiff reasonably incurred expenses to purchase his own health insurance;

B. Finding Defendants have breached their contract with Plaintiff to provide him retirement health insurance. Defendants' breach has caused damages to Plaintiff since he is obligated to pay for his own health insurance;

C. In the alternative, finding the Defendants have worked an injustice upon Plaintiff and its other employees by promising retirement health insurance for a long period as an inducement to work for the Defendants, by then refusing to provide the benefit when the Plaintiff

met the conditions to receive it, and by revoking the benefit after the Plaintiff retired. The Defendants should be estopped from breaching their promise to provide retirement health insurance to Plaintiff, regardless of whether the parties had a contract;

    D. Finding the Defendants agents were professionals who failed to exercise due care and competence in communicating that the Defendants would provide retirement health insurance upon early retirement to the Plaintiff and other employees; that the Defendants agents knew or should have known this representation was false; that the Defendants and their agents expected the Plaintiff and other employees to rely upon this misrepresentation; that those misrepresentations were an inducement to keep employees; and that these actions directly and proximately caused the pecuniary loss to the Plaintiff;

    E. Finding Plaintiff is entitled to damages of $25,096 for health insurance he has purchased to mitigate Defendants damages, and for the monthly costs for health insurance he accrues at the rate of $1678 per month, until Plaintiff reaches age 65;

    F. Interest, Court costs, and reasonable attorneys fees; and,

    G. Such other relief that the Court deems equitable and proper.

Dated this 15th day of June, 2023.

              TIMOTHY L. NORDSTROM, Plaintiff

           By: /s/ William R. Barger
             William R. Barger, #21447
             Sullivan Law Office P.C., L.L.O.
             807 N. Broadway
             Wahoo, NE 68066
             (531) 510-8546
             russbarger@protonmail.com



November 23, 2022

Russ Barger
Sullivan Law PC
807 N. Broadway
Wahoo, NE 68066

RE: Claim Filed with City of Wahoo – Tim Nordstrom Insurance Matter

Dear Mr. Barger:

As you requested, the claim you filed with the City of Wahoo on November 15, 2022 was placed on the City Council agenda for consideration at their November 22, 2022 meeting.

At the meeting a motion was made and seconded to deny the claim filed by W. Russ Barger on behalf of Tim Nordstrom related to a claim of unpaid employee fringe benefits as filed on November 15, 2022. On roll call vote all members present at the meeting voted to approve the motion. One member was absent.

Sincerely,

Melissa M. Harrell
City Administrator

Cc: Jovan Lausterer, City Attorney

EXHIBIT 1

RECEIVED NOV 1 5 2022



## AGENDA REQUEST WORKSHEET

Date of request:____November 15, 2022_____

Date of Council Meeting for item to be on agenda: _____November 22, 2022_____

Item requested by:_ Russ Barger, Attorney on behalf of Tim Nordstrom

Agenda item:_____
Claim against the City of Wahoo for failure to provide continued health insurance coverage for Tim Nordstrom

Explanation:_____

Mr. Nordstrom is filing a claim with the City Clerk and the President of the Wahoo City Council. Mr. Nordstrom has attempted to amicably resolve the City's failure to follow its own employment policies. Mr. Nordstrom demands the City provide health insurance coverage equal to the benefits he received when he resigned in November, 2021. Mr. Nordstrom demands this coverage until November 18, 2024. Mr. Nordstrom demands reimbursement for the expenses he has incurred to purchase health insurance and for attorneys fees. This demand is for $30,000 and increases each month.

Contact person – include address, email address, etc.:_ Tim Nordstrom, 1145 County Road 19, Wahoo, NE 68066. Represented by Russ Barger, Sullivan Law PC, 807 N. Broadway, Wahoo, NE 68066_

Items to be included in Council packet? (Yes or no and what are they) _____November 15, 2021 Letter from Administrator Harrell to Mr. Nordstrom is provided with this claim, and is attached and incorporated herein by reference.

City of

# Wahoo
## welcomes you

RECEIVED NOV 15 2022

November 15, 2021

Tim Nordstrom
1145 County Road 19
Wahoo, NE 68066

Dear Tim:

I am in receipt of your letter of resignation dated November 5, 2021. In that letter you also indicate your intent to forfeit 480 hours of personal leave in return for health insurance until you reach 65 years of age.

The health insurance market has changed dramatically since the City implemented the policy allowing continuation of coverage for employees who retired early. Our health insurance contract with Blue Cross/Blue Shield no longer allows the City to provide coverage for early retirees. The City of Wahoo Employee Policies and Procedures Manual states that if there is a conflict between a contract and any of the City policies, the contract will apply over the policy. In this case, since the City's contract with Blue Cross/Blue Shield does not allow coverage for early retirees, it is not possible for the City to continue health insurance coverage for you until age 65.

We understand that health insurance coverage is a concern when considering retirement and because of that, we want to try to assist you as best we can. One option is COBRA coverage, which allows you to continue coverage for 18 months following separation from employment with the City. The City is willing to assist with payment of COBRA premiums over the next 18 months on the same cost-sharing basis as is currently in place, provided that you forfeit 480 hours of personal leave time. This means you would continue to pay 8% of the premium for single coverage as you currently do, with the City paying 92% of single coverage for COBRA as we do now.

The other option that we would encourage you to consider is exploring coverage through the Health Insurance Marketplace. Premiums through the Marketplace are based on adjusted gross income. It is possible that taking the full payout of your personal leave is more advantageous to you than forfeiting that to the City in exchange for 18 months of COBRA coverage. We can provide you with contact information of experts in that field to help you analyze that option.

With your retirement date being November 19, 2021, your health insurance coverage through the City will continue until November 30, 2021. Please let us know if you have questions, need clarification, or would like contact information for exploring coverage through the Marketplace.

Sincerely,

Melissa M. Harrell
City Administrator