IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY NORDSTROM,<br><br>      Plaintiff,<br><br> vs.<br><br>CITY OF WAHOO, a Political Subdivision of the State of Nebraska, GERALD D. JOHNSON, CARL WARFORD, RYAN IDEUS, SHANE SWEET, CHRIS RAPPL, STUART KREJCI and PATRICK NAGLE, in their capacities as City Council members of the City of Wahoo,<br><br>      Defendants. | 8:23CV311<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION REGARDING MOTION TO REMAND |

  This case is before the Court on the September 18, 2023, Findings and Recommendation, Filing 8, by United States Magistrate Judge Cheryl R. Zwart recommending that the motion for remand filed by Plaintiff, Filing 5, be denied. No objections have been filed.

  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district court must review *de novo* the parts of a magistrate judge's findings and recommendation on a dispositive matter to which timely objections have been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *accord Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . . ."). On the other hand, neither the applicable statute, rule, nor case law requires the Court to conduct a *de novo* review of a magistrate judge's findings and recommendation when no objections are filed. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the

magistrate judge's disposition that has been properly objected to."); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining that nothing in § 636(b)(1) requires a district judge to apply some lesser standard of review than de novo when no objections are filed). Nevertheless, the Court deems it prudent to review the Findings and Recommendation at least for clear error. *See, e.g., Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If desired, a reviewing district court judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Court finds no clear error in this case. As Judge Zwart explained and the record shows, federal question jurisdiction, and therefore removal jurisdiction, exists because Plaintiff includes claims based on 42 U.S.C. § 1983 and the Contract Clause of the U.S. Constitution. *See Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (citing 28 U.S.C. § 1441(b)) ("A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there."). The Court is generally obligated to exercise jurisdiction over a case when properly invoked, as it was here. *Allegheny County v. Frank Mashuda Co.*, 360 U.S. 185, 187 (1959).

The Court also agrees with Judge Zwart that abstention would be inappropriate in this case, contrary to Plaintiff's arguments. Judge Zwart correctly noted that abstention is not a basis for remand in suits for damages, like the present case. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996); Filing 1 at 14–15 (seeking money damages in the prayer for relief section of the Complaint). Moreover, *Burford* abstention only applies "when a state has established a complex

regulatory scheme supervised by state courts and serving important state interests, and when resolution of the case demands specialized knowledge and the application of complicated state laws." *Doe v. McCulloch*, 835 F.3d 785, 788 (8th Cir. 2016) (citations omitted). This is not a case that "demand[s] significant familiarity with" or would "disrupt state resolution of, distinctively local regulatory facts or policies." *Doe v. McCulloch*, 835 F.3d at 788. As Judge Zwart noted, the Court would only need to determine whether Plaintiff is entitled to fringe benefits under the Nebraska Wage Payment and Collection Act (NWPCA), which does not demand "specialized knowledge" or "the application of complicated state laws" as required for *Burford* abstention. Therefore, because the Court has removal jurisdiction over Plaintiff's claims and the abstention doctrine does not apply, Magistrate Judge Zwart did not clearly err in concluding that Plaintiff's motion to remand should be denied.

Accordingly,

IT IS ORDERED that

1. the September 18, 2023, Findings and Recommendation by United States Magistrate Judge Cheryl R. Zwart, Filing 8, is accepted in its entirety; and

2. Plaintiff's Motion to Remand, Filing 5, is denied.

Dated this 24th day of October, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge