IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TIMOTHY L. NORDSTROM,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF WAHOO, a Political Subdivision of the State of Nebraska, et al.<br><br>Defendants. | 8:23CV311<br><br>**MEMORANDUM AND ORDER** |

Before the Court is Plaintiff's Amended Motion to Compel, Filing No. 64, in which Plaintiff requests the Court order Defendants to produce "one type of document" in response to his Request for Production No. 3. This "one type of document" is Defendant's wage studies from 2001 through 2016. For the reasons below, the motion will be denied.

## BACKGROUND

On June 16, 2023, Plaintiff filed a Complaint against Defendants alleging the following claims: denial of fringe benefit payments; breach of contract; estoppel and detrimental reliance; and misrepresentation. Filing No. 1. The crux of Plaintiff's claims relates to his assertion that he is entitled to "employee only" health insurance after his retirement ("Benefit at Issue"). *Id.* This action was removed to federal court on July 19, 2023. *Id.* Since the removal of this case to federal court, the undersigned has had several lengthy discovery conferences with the parties, the most recent being on January 10, 2025. Filing Nos. 26, 27, 37, 43, 47, 48, 69, 70.

Written discovery closed on September 12, 2024. Filing No. 37. The parties contacted the Court on October 1, 2024, with the present discovery dispute, to

1

which the undersigned solicited short statements and, ultimately, held a discovery dispute conference on November 1, 2024. Filing No. 48. During the discovery dispute conference, the Court made an oral ruling regarding the issue at hand. Specifically, the Court ordered Defendant to provide, to the extent they existed, any wage studies that addressed the Benefit at Issue for ten years prior to Plaintiff's retirement.[1] Filing No. 47 at 20:30-21:40; 50:50-52:00; 1:22:04-1:22:35. In essence, the Court granted Plaintiff's request for production (as it was understood and limited by the parties)[2] but limited the time frame of the request to 2011-2021. During the conference Defendant's counsel advised all wage studies within that criteria had been produced but they would confirm upon conclusion of the call. The Court ordered all supplemental production, on this issue and all other issues ruled upon by the Court, to occur by November 15, 2024.

Prior to the conference, the parties apparently agreed to extend the motion to compel deadline for certain issues (which includes the issue currently before the court) to three weeks after the discovery dispute conference. Though this issue was set forth on emails on which the Court was included, no motion was ever filed on this issue and the Court never adopted that agreement amongst the parties.

## ANALYSIS

As noted herein, the Court ruled on the issue now before the Court on November 1, 2024, when it ordered Defendant to produce any wage studies regarding the Benefit at Issue that may be responsive to Request No. 3 for ten years prior to Plaintiff's retirement (November 19, 2011 to November 19, 2021). Plaintiff now moves the Court for an order compelling Defendant to produce the

---

[1] The information before the Court indicates Plaintiff retired November 19, 2021. Filing No. 1.

[2] As discussed below, the actual request for production as written does not clearly request the wage studies the Plaintiff now seeks.

wage studies for the period of 2001 through 2016.³ Filing No. 64 at 2. As the Court has already ruled on this issue, the undersigned will construe the motion at hand as a motion to reconsider its November 1, 2024 ruling regarding the responsiveness of the wage studies to Plaintiff's Request No. 3.

"A district court has broad discretion in determining whether to grant or deny a [motion to reconsider]." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006); see also United States v. Harvey, 2016 WL 7115982, at *1 (D. Neb. Dec. 6, 2016). Generally, a civil motion to reconsider is used to "'correct[ ] manifest errors of law or fact or ... present newly discovered evidence.'" Id. (quoting Bradley Timberland Res. v. Bradley Lumber Co., 712 F.3d 401, 407 (8th Cir. 2013)). Plaintiff has not provided any evidence or argument indicating there was a manifest error of law or fact with regard to this Court's November 1, 2024, ruling and, further, has not set forth any newly discovered evidence which has arisen since November 1, 2024. As such, the Court will deny Plaintiff's motion to reconsider.

Nonetheless, the Court will provide written guidance as to the reasoning behind its oral ruling on November 1, 2024. Fed. R. Civ. P. 26 governs the scope of discoverable documents. Pursuant to Rule 26, the parties may obtain:

> Discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

---

³ Plaintiff's submissions are somewhat inconsistent on the time frame he is requesting. The Court adopts the timeframe Plaintiff sets forth in his conclusory paragraph.

Fed. R. Civ. P. 26(b)(1). Although relevance is broadly construed for discovery purposes, the proponent of the discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Prism Techs., LLC v. Adobe Sys., Inc.*, 284 F.R.D. 448, 449 2012) (quoting *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case. *Wilbur-Ellis Company LLC v. Gompert*, 2022 WL 17736773 at *2 (D. Neb. Dec. 16, 2022) (quoting *Cervantes v. Time, Inc.,* 464 F.2d 986, 994 (8th Cir. 1972)).

> Request No. 3 requests Defendants:
>
> Provide all documents provided to the City Council since Plaintiff last signed an acknowledgment of receipt of a Policy Manual,[4] if those documents reference a Policy Manual, including but not limited to, coverage of the employee's health plan offered in a Policy Manual, and reports from City employees regarding a Policy Manual.

In Defendant's most recent response to this request, Defendant asserted objections that the request was overly broad and unduly burdensome as it was "not appropriately limited in time, scope, or subject matter", in part, because the request sought documents provided to the City Council that did not relate to the Benefit at Issue. Defendant also indicated "personnel documents and 'reports from City employees regarding a [Personnel] Manual' who are not otherwise involved in this matter are confidential." Filing No. 66-1 at 6-7. Nonetheless, Defendant provided Plaintiff with a limited scope response to this request and provided "any

---

[4] The evidence before the Court indicates Plaintiff last signed an acknowledgment of receipt of a Policy Manual on February 12, 2001. Filing No. 57-2.

4

non-privileged documents related to the [Benefit at Issue] provided to the City Council between November 19, 2011 through February 22, 2022." *Id*.

Additionally, the undersigned previously ordered Defendant to provide, to the extent they existed, any wage studies that addressed the Fringe Benefit for ten years prior to Plaintiff's retirement (November 19, 2011- November 19, 2021). Filing No. 47 at 20:44- 21:40; 50:50-52:00; 1:22:04-1:22:35.

First, upon review of Request No. 3, as written, the "one type of document" Plaintiff purports to request, appears to not be responsive to Request No. 3. Request No. 3 requests, in relevant part, ". . . all documents provided to the City Council . . ., if those documents **reference a Policy Manual** . . ." Though Plaintiff argues information in the wage studies could only be sourced from "the Policy Manual itself or from summaries of the Policy Manual provided by City Administrators to the City Council" and the wage studies may address certain benefits provided by Defendant, the evidence before the Court does not indicate the wage studies themselves *reference* a policy manual. At the very least, this request is vague if the Court were to interpret it the way Plaintiff suggests – i.e., that this request requires the production of any document containing data or information relating to fringe benefits for Defendant's employees that would have been derived or sourced from the Policy Manual. In addition, should the request be interpreted in this fashion, the request is overly broad as it would require Defendant to locate every document that had information sourced from a Policy Manual that was provided to the City Council for a nearly 24-year long time period. *See* Filing No. 56 at 3.

Moreover, as drafted, Plaintiff's Request is overly broad when it asks for "all documents provided to the City Council . . . if those documents reference a Policy Manual" for a nearly 24-year long time period.[5] Plaintiff also fails to fulfill its burden

---

[5] The undersigned notes Plaintiff is purportedly narrowing the scope of documents requested by limiting his request to wage studies within the 2001-2016 time frame, but

5

of showing, how *all documents* provided to the City Council for a 24-year long time period which reference a Policy Manual are relevant to the claims at hand. Even if Request No. 3 only requested the wage studies Plaintiff now seeks as part of this motion, the request remains overly broad when Plaintiff requests *all* wage studies, rather than just wage studies addressing the Benefit at Issue. Further, Plaintiff has not provided the Court with a threshold showing of relevance for *all* wage studies, rather than just wage studies addressing the Benefit at Issue. The Plaintiff, at most, has only provided the Court with mere speculation that wage studies (which may not address the Benefit at Issue) contain information that may be useful. That is not enough. *See i.e., Precision Rx Compounding, LLC v. Express Scripts Holding Co.*, 2018 WL 2100281, at *4 (E.D.Mo. May 7, 2018) (denying request to compel discovery where any relevance was attenuated and speculative).

Finally, the Court addresses Plaintiff's request for an Order requiring Defendants to submit a sworn affidavit regarding the existence or non-existence of wage studies or evidence regarding when Defendants received the wage studies. This is outside of what is allowed pursuant to Fed. R. Civ. P. 34 and is not specifically requested in the discovery requests at issue. Thus, the Court will deny Plaintiff's request.

For the reasons set forth herein, Plaintiff's Motion to Compel, Filing No. 64, is denied.

---

this does not tie back to the discovery request actually served upon Defendant and, as such, the analysis as to what is appropriate must be done with regard to Request No. 3, as drafted. *See* Court's case management practices which provide:

> Note: In most cases, if a formal discovery motion is necessary because the moving party is demanding a full response to the discovery request as drafted, the magistrate judge will enter a ruling based on the language of that discovery request; that is, the court's formal motion ruling will likely not tailor or re-draft the moving party's discovery request to comply with the federal rules and the mandated proportionality under those rules. Rather, the court will overrule or sustain the objections to the discovery request as written and presented to the magistrate judge.

IT IS SO ORDERED.

Dated this 17th day of January, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge